O

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br>ROGER N. FEARING AND<br>CHRISTINE E. FEARING<br>            DEBTORS,<br><br>ROGER N. FEARING AND<br>CHRISTINE E. FEARING,<br><br>            Plaintiff,<br><br>    v.<br><br>DAVID SEROR, CHAPTER 7<br>TRUSTEE,<br><br>            Defendants. | Case No. CV 07-5279-VAP<br>USBC Case No. SV 00-10940-KT<br><br>**[Motion filed on August 18, 2008]**<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S ORDERS AND DISMISSING APPEAL** |

The Court has received and considered all papers filed in support of and in opposition to the Appeal from the Bankruptcy Court's Orders denying Debtors Roger N. Fearing and Christine E. Fearing's Motion to Alter and Amend the Bankruptcy Court's Order Granting Chapter 7 Trustee's Motion for Summary Judgment.  This Appeal, filed by Roger N. Fearing and Christine E. Fearing, is appropriate for resolution without hearing.  <u>See</u> Fed. R.

Civ. P. 78; Local Rule 7-15.  For the reasons set forth below, the Court affirms the Bankruptcy Court's Order.

## I. BACKGROUND

Debtors Roger N. Fearing and Christine Fearing ("Appellants") filed a petition for protection under Chapter 11, 11 U.S.C. § 1101, et seq., on January 28, 2000.  (Appellants' Opening Br. Appendix ("Appellants' App.") at 0038-0039.)  They claimed as exempt property a "claim against CSUN [California State University Northridge] and others for personal injury (wife)," which they valued at $100,000, and a claim for "workers compensation benefits - wife's injury," which they valued at $40,000.  (Id. at 0047-0048.)  On Schedule A attached to their petition, Appellants stated the value of their residence was $500,000 and the amount of secured claims against the house was $912,771.  (Id. at 0128.)  Appellants filed an amended Schedule A stating the value of the house was $560,000 and the amount of secured claims against it was $944,771.  (Id.)  In Schedule C attached to their petition, Appellants claimed a homestead exemption of $75,000.  (Id.)

On December 21, 2001, the Bankruptcy Court entered its "Order of Confirmation of First Amended Plan of Reorganization (As Modified)."  (Id. at 0204.)  In pertinent part, the Order stated as follows:

2

1   "8. Notwithstanding any reference in the PLAN, as
2       filed, to the treatment accorded to the FTB, the PLAN
3       is hereby amended by substituting therefor, the terms
4       of Exhibit "4" hereto, the Letters of August 8, 2001
5       and August 14, 2001 from Anthony Sgherzi, Esq. To
6       Robert Yespan, Inc.[1]

7
8   9. Notwithstanding any reference in the PLAN, as
9       filed, to the treatment accorded to the IRS, the PLAN
10      is hereby amended by substituting therefor the terms
11      of Exhibit "5" hereto being the Stipulation sent by
12      Mary Schewatz to Robert M. Yaspan, and the
13      modifications contained in the Letter of Robert M.
14      Yaspan to Mary Schewatz, dated October 23, 2001,
15      attached hereto as Exhibit "6"."[2]  (Id. at 0206-
16      0207.)
17  ///

---

[1] Paragraph 7 of Exhibit 4, referred to by the Bankruptcy Court's Order, stated: "With respect to the Franchise Tax Board's secured claim filed in this case, the total unpaid balance of the claim will be immediately due and payable upon sale or refinance of the property securing the claim, or, transfer to anyone other than one of the debtors."  (Appellee's Opening Br. at 5; Appellee's Supplemental Excerpts of Record ("Appellee's App.") 42.)

[2] Paragraph 4 of Exhibit 5, referenced by the Bankruptcy Court's Order stated: "[T]he secured claim of the IRS shall be paid in full in cash or certified check within 6 months of the effective date of the Plan.  The debtors anticipate that the payment will be made out of the proceeds from the sale of their home.  However, the debtors may use other means to pay the secured claim in full within 6 months."  (Appellee's Opening Br. at 5-6; Appellee's App. at 47.)

Under the terms of the approved Plan, the Plan would be funded by several alternative sources, including the sale or refinancing of Appellants' house and Ms. Fearing's potential settlement with the California State University, Northridge, estimated at $100,000.  (Id. at 0196.)

On January 28, 2003, the Bankruptcy Court granted the Chapter 7 Trustee's motion for an order approving the sale of the Fearing residence ("Sale Order").  (See Appellant App. at 0241, 0052; Appellee App. at 014.)  The order approved the sale of the property to Samuel and Aileen Jones for $775,000.00 "free and clear of all liens, interests and claims; disputed liens, interests and claims; and all liens, interests and claims not of record...."  (Id. at 0054.)  The Bankruptcy Court also issued an "Order Denying Debtors' Motion to Require Trustee to Abandon Debtors' Home" ("Abandonment Order") on January 28, 2003.  (See Appellee App. at 014.)

Appellants filed a notice of appeal from the sale order on February 7, 2003 with the Bankruptcy Court, as well as an emergency motion for a stay pending appeal. (Id.)  The Bankruptcy Court denied the emergency motion on February 11, 2003.  (Id.)  On February 12, 2003, Appellants filed an emergency motion for a stay pending appeal with the United States Bankruptcy Appellate Panel

4

of the Ninth Circuit ("BAP"). (<u>Id.</u>) Pursuant to 28 U.S.C. § 158(c)(1), the Trustee filed an election to have the appeal heard by the United States District Court, the Honorable Judge Timlin. (<u>Id.</u>)

Appellants filed a notice of appeal from the Sale Order and an appeal of the Abandonment Order on March 10, 2003 and March 12, 2003, respectively, with Judge Timlin. (<u>Id.</u>) The Trustee filed a motion to dismiss the appeal from the Sale Order as moot. (<u>Id.</u>) Judge Timlin denied Appellant's emergency motion for stay pending appeal as moot and granted the Trustee's motion to dismiss the appeal as moot on May 14, 2003. (<u>Id.</u>)

On June 10, 2003, the Trustee filed a motion to dismiss the Appellants' appeal to the Abandonment Order as moot. (<u>Id.</u>) On September 30, 2003, Judge Timlin granted the motion to dismiss the appeal as moot because the property was already sold to good faith purchasers, pursuant to 11 U.S.C. § 363(m); thus, the property was "no longer the Trustee's property to abandon." (<u>Id.</u> at 018.)

Appellants appealed from the order denying the emergency stay and the dismissal of their appeal of the Bankruptcy Court's order approving the sale of their residence as moot, to the Ninth Circuit Court of Appeals.

5

(See id. at 020.)  On July 18, 2005, the Ninth Circuit affirmed Judge Timlin's September 30, 2003 order dismissing the Appellants' appeal and the abandonment motion as moot.  (See id. at 020-023.)  The Ninth Circuit's opinion hinged on Appellants' failure to obtain a stay during their appeal, resulting in the sale of the residence.  (Id.)  The Ninth Circuit declined to dismantle the sale, finding the District Court did not err when it affirmed the Bankruptcy Court's finding that the buyers of the property were "good faith purchasers," within the meaning of 11 U.S.C. § 363(m).  (Id.)  The Ninth Circuit did not reach the merits of Appellants' arguments about the validity of the Bankruptcy Court's order approving the sale of the residence because it found the underlying appeal moot.  (Id.)  Appellants filed a petition for a writ of certiorari with the United States Supreme Court; it was denied on January 6, 2006. (See id. at 024.)

   Before the flurry of Appellants' appeals, the Trustee filed a Complaint for Declaratory Relief with the Bankruptcy Court on September 24, 2003.  (See Appellant App. at 0001.)  The Complaint sought a judicial declaration whether or not Appellants were entitled to be paid any portion of the proceeds from the sale of the residence, specifically the $75,000 the Appellantsclaimed as their homestead exemption.  (See id. at 0005.)

1    On March 16, 2006, Appellants filed a "Motion for
2 Adequate Protection, and That Trustee be Made to Prove,
3 on the Record, That This Court Has Jurisdiction Over This
4 Proceeding."  (Appellant App. at 0189.)  The Bankruptcy
5 Court denied Appellants' motion on May 9, 2007.
6 Appellants then filed a motion for reconsideration, which
7 was denied on May 30, 2007.  (See Appellant Opening Br.
8 at 5.)

10    On July 28, 2006, the Bankruptcy Court granted the
11 Trustee's motion for summary judgment and entered the
12 following declaratory judgment: "Defendants Christine E.
13 Fearing and Roger N. Fearing are not entitled to any
14 portion of the proceeds from the Trustee's sale of the
15 real property located at 23240 Burbank Boulevard,
16 Woodland Hills, California 91367."  (Appellee App. at 01-
17 02.)  Appellants filed a "Motion to Alter or Amend
18 Judgment" on August 4, 2006.  (See id. at 06-07;
19 Appellant App. at 0299.)  Finding no basis to alter or
20 amend the judgment, the Bankruptcy Court denied the
21 motion on May 30, 2007.  (Id.)

23    The Fearings appeal from that Bankruptcy Court
24 judgment.  (See Appellants' Opening Br. at 5.)
25 Appellants filed their Opening Brief and Appendices on
26 August 18, 2008.  Appellee David Seror filed his Opening
27 Brief and "Supplemental Excerpts of Record" on September

3, 2008. Appellants filed their Reply on September 17, 2008.

## II. JURISDICTION AND STANDARD OF REVIEW

Title 28 U.S.C. § 158(a) governs the jurisdiction of a federal district court to entertain an appeal from a bankruptcy court; it provides in pertinent part: "The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees."

The reviewing court reviews the bankruptcy court's conclusions of law de novo. See Siriani v. Northwestern Nat'l Ins. Co., 967 F.2d 302, 303-04 (9th Cir. 1992). Findings of fact, however, are reviewed for clear error. See id. Under this standard, "a reviewing court cannot reverse unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." See In re Sunnymead Shopping Ctr. Co., 178 B.R. 809, 814 (B.A.P. 9th Cir. 1995).

## III. DISCUSSION

First, Appellants argue that the Bankruptcy Court's "Order Approving Sale" was entered in error and that the Bankruptcy Court did not have jurisdiction to enter the order. (See Appellant's Opening Br. at 20.) This Court,

1  the Honorable Robert J. Timlin, already has reviewed
2  these issues, and the Ninth Circuit has affirmed its
3  ruling.  (See Appellee's App. at 29-39.)  The "law of the
4  case" doctrine bars Appellants' argument.  See Moore v.
5  Jas. H. Matthews & Co., 682 F.2d 830, 834 (9th Cir.
6  1982); Disimone v. Browner, 121 F.3d 1262, 1266 (9th Cir.
7  1997); United States v. United States Smelting Refining &
8  Mining Co., 339 U.S. 186, 198 (1950).

10     Next, Appellants argue in these appeals that the
11 Bankruptcy Court erred in failing to apply California
12 exemption law procedures for selling property subject to
13 the homestead exemption.  (See Appellants' Opening Br. at
14 28.)  According to Appellants, they claimed a $75,000
15 homestead exemption when they filed for Chapter 11
16 bankruptcy and they are entitled to recover at least that
17 value from the bankruptcy estate.  (Id.)  As stated
18 above, the propriety of the sale of the homestead was an
19 issue that has already come before the Court and thus
20 will not be considered again; the law applying to the
21 sale of the homestead falls within the prior ruling on
22 the overall propriety of the sale.[3]
23 ///

---

[3] Appellants also argue the Trustee acted improperly in bringing a "Motion for Approval to Sell" instead of by a "required Adversary Proceeding."  (Appellants' Opening Br. at 25-27.)  This argument, again asking the Court to re-evaluate an aspect of the propriety of the underlying sale of the residence, also falls under the "law of the case" doctrine and is barred.

9

In any event, as discussed in the Court's Order regarding Appellants' appeal in Case Number 07-5276, Appellants are not entitled to any proceeds from the bankruptcy estate because there is no remaining value after the order of priority is applied to the distribution of the assets. Furthermore, the Bankruptcy Court correctly and without error found that there was no equity in the Fearing residence at the time the exemption was claimed, and thus the claim was valueless and Appellants are not entitled to proceeds of the sale. See In re Hyman, 123 B.R. 342, 346 (9th Cir. BAP 1991); In re Gavin, 110 B.R. 446, 450 (9th Cir. BAP 1990); In re Bruton, 167 B.R. 923, 926 (Bankr. S.D. Cal. 1994).

The Court AFFIRMS the Bankruptcy Court's denial of Appellants' Motion to Alter or Amend its Order Granting Trustee's Motion for Summary Judgment and Entry of Declaratory Judgment.

### IV. CONCLUSION

For the foregoing reasons, the Court affirms the Bankruptcy Court's Order denying Appellants' Motion to Alter or Amend Order Granting Chapter 7 Trustee's Motion for Summary Judgment.

Dated: October 21, 2008

_____
VIRGINIA A. PHILLIPS
United States District Judge